AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas



| United States of America | ) |
| --- | --- |
| v. | ) |
| | ) Case No. 2:25-MJ-185 |
| Jose Magana-Reyes (01) | ) |
| Rosalino Misael Torres-Septimo (02) | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 20, 2025 in the county of Potter in the Northern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) | Possession with Intent to Distribute 500 Grams or More of Methamphetamine |
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) | Possession with Intent to Distribute 400 Grams or More of Fentanyl |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

Shea Lichtie, FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 11/21/25

*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## Affidavit in Support of Complaint
## Cause Number 2:25-MJ-185

I, Shea Lichtie, being duly sworn under oath, do hereby depose and state:

1. I am a Task Force Officer with the FBI, and I have been so employed since 2022. I have been employed as a Police Officer with the City of Amarillo since 2008. As part of my duties as a Task Force Officer I investigate criminal violations related to narcotics trafficking and illegal drug smuggling. I have been involved in hundreds of investigations of illegal contraband and have specialized training and knowledge in investigating the illicit smuggling, transportation, and trafficking of narcotics in violation of Title 21, United States Code, Section 841(a)(1). I also have specialized training and knowledge in investigating the illicit proceeds of narcotic smuggling and trafficking in violation of Title 18, United States Code, Section 1956(a)(1).

2. On November 20, 2025, members of the Amarillo Police Department received information from a cooperating defendant that Jose MAGANA-REYES and another unknown male were traveling from New Mexico to Amarillo, Texas, with approximately five (5) pounds of methamphetamine and approximately a half kilogram of fentanyl pills. The cooperating defendant was able to provide a detailed description of the vehicle that MAGANA-REYES and the other unknown male were traveling in. The cooperating defendant was able to provide detailed messages and media between MAGANA-REYES and the cooperating defendant detailing MAGANA-REYES traveling from New Mexico to Amarillo, Texas, to deliver methamphetamine and

fentanyl. Members of the Amarillo Police Department established surveillance along Interstate 40 searching for MAGANA-REYES and the vehicle he was traveling in.

3. At approximately 4:40 p.m. members of the Amarillo Police Department observed the gold van traveling matching the description provided by the cooperating defendant headed eastbound on Interstate 40 near Adrian, Texas. Physical surveillance was maintained on the gold van as it traveled to Amarillo, Texas, and drove into the parking lot of the Motel 6, located at 2032 Paramount Blvd., Amarillo, Texas. MAGANA-REYES was observed exiting the front passenger's seat of the van and driver of the van identified as Rosalino Misael TORRES-SEPTIMO. Upon seeing officers, the driver attempted to drive away but was prevented from doing so by members of the Amarillo Police Department. MAGANA-REYES attempted to flee on foot but was quickly apprehended by officers.

4. During a search of the gold van, officers located five (5) black tape wrapped bundles of an off-white crystalline substance, suspected to be methamphetamine inside a spare tire within the rear storage compartment of the van. The five (5) black tape wrapped bundles were found to have an approximate weight of six (6) pounds. This amount of suspected methamphetamine is consistent with distribution as opposed to personal use. Officers located a plastic bag secreted inside of a back passenger's seat that contained small round blue pills imprinted with M 30, that officers recognized from training and experience to commonly contain fentanyl. The plastic bag of suspected fentanyl pills was found to weigh approximately 808.79 gross grams. This amount of fentanyl is consistent with distribution, as opposed to personal use.

5. MAGANA-REYES and TORRES-SEPTIMO were transported to the Amarillo Police Department to be interviewed. MAGANA-REYES waived his rights and agreed to speak with law enforcement. MAGANA-REYES admitted the round blue pills were fentanyl and the black tape wrapped bundles contained methamphetamine. MAGANA-REYES admitted to transporting the suspected fentanyl and suspected methamphetamine to make money. MAGANA-REYES consented to a search of his cellphones. During a search of the cellphones, investigators located evidence of drug trafficking. MAGANA-REYES admitted to illegally being present in the United States and previously being deported from the United States.

6. An interview was conducted with TORRES-SEPTIMO. TORRES-SEPTIMO waived his rights and agreed to speak with law enforcement. TORRES-SEPTIMO admitted to knowing the bag of suspected fentanyl pills were inside of the van as well as the bundles of suspected methamphetamine inside of the spare tire. TORRES-SEPTIMO, admitted he was going to be paid five hundred dollars ($500) to drive assisting with the transportation and delivery of the suspected fentanyl and methamphetamine. TORRES-SEPTIMO consented to a search of his cellphone. During a search of his cellphone investigators located evidence of drug trafficking. TORRES-SEPTIMO admitted that he was illegally in the United States. Records indicated that Torres-Septimo has also been previously deported from the United States.

7. Based upon the foregoing, there is probable cause to believe that Jose Angel MANGANA-REYES and Rosalino Misael TORRES-SEPTIMO did knowingly

and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

_____
Shea Lichtie
Task Force Officer
Federal Bureau of Investigation

Attested to/in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 21st day of November, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

_____
Anna Marie Bell
Assistant United States Attorney