IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

NO.  2:25-CR-129-Z (01)

JOSE MAGANA-REYES (01)

## FACTUAL RESUME

In support of Jose Magana-Reyes's plea of guilty to the offense in Count Two of

the Indictment, Magana-Reyes, the defendant, Felipe Zavala, the defendant's attorney,

and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), that is, Possession with Intent to

Distribute 500 Grams or More of Methamphetamine, the government must prove each of

the following elements beyond a reasonable doubt:[1]

*First.*    That the defendant knowingly possessed a controlled substance;

*Second.*    That the substance was in fact methamphetamine;

*Third.*    That the defendant possessed the substance with the intent to
distribute it; and

*Fourth.*    That the quantity of the substance was at least 500 grams or more of
methamphetamine.

To "possess with intent to distribute" simply means to possess with intent to
deliver or transfer possession of a controlled substance to another person, with or without

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Jose Magana-Reyes**
**Factual Resume—Page 1**

any financial interest in the transaction.

## STIPULATED FACTS

1.     On or about November 20, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, Jose Magana-Reyes, defendant, did knowingly or intentionally possess with intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

2.     On November 20, 2025, Amarillo Police Department (APD) officers received information that Jose Magana-Reyes and another individual were traveling from New Mexico to Amarillo, Texas to deliver five pounds of methamphetamine and 500 grams of fentanyl pills.  Officers received a detailed description of Magana-Reyes's vehicle.  Officers established surveillance along Interstate 40 (I-40) and searched for the vehicle.

3.     At approximately 4:40 p.m., officers observed Magana-Reyes's vehicle near Adrian, Texas.  Officers followed the vehicle into Amarillo, where it parked at the Motel 6 located at 2032 Paramount Boulevard.  Officers observed Magana-Reyes exit the vehicle and officers began to approach the vehicle.  The driver of the vehicle, Rosalino Misael Torres-Septimo, attempted to drive away but officers prevented the vehicle from leaving.  Officers detained both Magana-Reyes and Torres-Septimo.

4.     Officers searched Magana-Reyes's vehicle.  During the search, officers located five bundles of suspected methamphetamine in the vehicle's rear storage compartment.  The suspected methamphetamine had a gross weight of six pounds.

**Jose Magana-Reyes**
**Factual Resume—Page 2**

Officers also located a plastic bag containing blue M30 pills suspected of containing fentanyl hidden inside the back passenger's seat. The pills had a gross weight of 808.79 grams. This amount of methamphetamine and fentanyl is consistent with distribution, as opposed to personal use.

5.      Officers conducted an interview with Magana-Reyes. An officer read Magana-Reyes his *Miranda* warnings. Magana-Reyes waived his rights and agreed to make a statement. During the interview, Magana-Reyes admitted to transporting the suspected fentanyl and methamphetamine in order to make money. Magana-Reyes consented to a search of his cellphone. During a search of the cellphone, officers located messages indicative of drug trafficking.

6.      Officers also conducted an interview with Torres-Septimo. An officer read Torres-Septimo his *Miranda* warnings. Torres-Septimo waived his rights and agreed to make a statement. During the interview, Torres-Septimo admitted that the purpose of the trip was to deliver drugs to an individual in Amarillo. Torres-Septimo stated that they were transporting both methamphetamine and pills. Torres-Septimo stated that Magana-Reyes was going to pay him $500 for driving.

7.      The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 2,145 grams and a purity level of approximately 96 percent.

Jose Magana-Reyes
Factual Resume—Page 3

8.  Magana-Reyes admits that he knowingly possessed with intent to distribute 500 grams or more of a controlled substance, namely methamphetamine, a Schedule II controlled substance.

9.  The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the Indictment.

AGREED TO AND STIPULATED on this 14th day of _April_____, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_Jose Magana Reyes_
Jose Magana-Reyes
Defendant

_Felipe Zavala_
Felipe Zavala
Attorney for Defendant

_Anna Marie Bell_
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov

**Jose Magana-Reyes**
**Factual Resume—Page 4**